956 F.2d 279
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Theodore Shanta MORGAN, Defendant-Appellant.
 No. 91-3169.
 United States Court of Appeals, Tenth Circuit.
 Feb. 25, 1992.
 
 Before BALDOCK and BARRETT, Circuit Judges, and DAUGHERTY, District Judge.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 This case results from a brutal stabbing incident in the federal penitentiary at Leavenworth, Kansas. Defendant-appellant Theodore Shanta Morgan and a fellow Leavenworth inmate (Codefendant) allegedly were upset with a third inmate (Victim) because they thought he was passing information to prison authorities. On October 31, 1988, Defendant and Codefendant allegedly entered Victim's cell, surprised him, slammed him to the floor and stabbed him fifteen times with a rusty ten-inch "shank." Although severely wounded, Victim survived and identified his attackers. Defendant and Codefendant were indicted for one count of possession of a prohibited object while in a federal prison, 18 U.S.C. § 1791(a)(2) and § 2, and a second count of assault with a deadly weapon, 18 U.S.C. § 113(c) and § 2. Codefendant pleaded guilty to the assault count, but he did not identify Defendant as his accomplice. Defendant subsequently was tried by jury and convicted on both counts. He appeals, pointing to three errors: (1) the admission of Codefendant's guilty plea as evidence of Defendant's guilt; (2) the failure of the government to disclose the results of scientific tests that could have been crucial to the defense; and (3) the questioning of defense witnesses regarding witness fees. We address only the first issue because it requires reversal.
 
 
 2
 On direct examination at trial, Victim unequivocally identified Defendant as the person who stabbed him. Defendant then cross-examined Victim and attempted to impeach the identification. In the process, Defendant raised the issue of Codefendant's identity and attempted to impeach Victim's resulting testimony. This was the first mention of Codefendant. In response to this cross-examination, the government requested at two separate bench conferences outside the presence of the jury that the court notice Codefendant's guilty plea as a means of rehabilitating Victim's identification testimony. On both occasions, the district court took the matter under advisement but did not rule. Later, Defendant again attempted to impeach the identification testimony in his cross-examination of another government witness. This time, in spite of the court's earlier denial to rule on the matter, the government openly referred to the guilty plea in objecting to the cross-examination. At the close of the government's case, the court attempted to remedy the situation by formally noticing the guilty plea in accordance with Fed.R.Evid. 201 and instructing the jury to consider the guilty plea only as evidence of Victim's credibility, not as substantive evidence of Defendant's guilt. The government then mentioned the plea twice more in its closing argument, and the court incorporated the cautionary instruction into the written jury instructions.
 
 
 3
 Defendant argues that the repeated references to the guilty plea--during the initial cross-examination, the government's closing arguments, and the jury instructions--undermined the fundamental fairness of the trial because the jury could have used the plea as evidence of his guilt. Indeed, "the plea or conviction of a codefendant may not be used as substantive evidence of another's guilt." United States v. Dunn, 841 F.2d 1026, 1030 (10th Cir.1988). See also United States v. Smith, 806 F.2d 971, 974 (10th Cir.1986); United States v. Davis, 766 F.2d 1452, 1456-57 (10th Cir.), cert. denied, 474 U.S. 908 (1985); United States v. Baez, 703 F.2d 453, 455 (10th Cir.1983). The danger of unfair prejudice resulting from the natural inclination of juries to determine guilt by association in this situation is obvious. See United States v. Peterman, 841 F.2d 1474, 1480 (10th Cir.1988), cert. denied, 488 U.S. 1004 (1989). However, this does not absolutely preclude the admission of a codefendant's guilty plea; the plea may be admitted if the codefendant testifies and if the plea is used only to impeach or enhance the codefendant's credibility. Baez, 703 F.2d at 455. On this latter point, "cautionary instructions limiting the jury's use of the plea to permissible purposes are critical." Id.
 
 
 4
 The government argues that its references to Codefendant's guilty plea and the judicial notice of the plea were appropriate because the court gave a cautionary instruction limiting the use of the plea to a permissible purpose; that is, it instructed the jury to consider the guilty plea only as evidence of Victim's credibility.[1] Rehabilitation of Victim's credibility, however, is not a "permissible purpose." We categorically answered this question in United States v. Austin, 786 F.2d 986 (10th Cir.1986). In Austin, the government argued that the codefendants' convictions for their participation in the conspiracy were admissible in part to rehabilitate the government's primary witness. We stated:
 
 
 5
 under the pertinent case law and Fed.R.Evid. 609(a), it is the testifying witness' own prior conviction that is admissible on cross-examination to impeach his credibility or on redirect to rehabilitate him. See, e.g., United States v. Edwards, 716 F.2d 822, 825 (11th Cir.1983) (per curiam). We have found no case, and the Government has not cited one, in which a conviction other than that of the witness himself was properly admitted on the issue of his credibility.
 
 
 6
 786 F.2d at 992. Accord United States v. Eason, 920 F.2d 731, 735 n. 7 (11th Cir.1990) (citing Austin ); United States v. Hansen, 544 F.2d 778, 780 (5th Cir.1977). See also United States v. Veltre, 591 F.2d 347, 349-50 (5th Cir.1979) (distinguishing Hansen ). We see no material distinction between Austin and this case, and the government has not cited Austin. Codefendant did not testify; he was "not in court, not on trial, and not to be tried...." Hansen, 544 F.2d at 780. Therefore, the government committed clear misconduct when it referred to the plea and the court erred legally in noticing it.
 
 
 7
 Having determined that the trial court erred, we must determine whether the error is reversible. On this point, the government claims that Defendant did not contemporaneously object below and that the heightened plain error standard therefore applies. See Fed.R.Evid. 103(a)(1) (contemporaneous objection required); Fed.R.Crim.P. 52(b) (plain error may be noticed even if not preserved). Defendant claims that he adequately preserved the issue for appeal by objecting to any mention of the plea, but the record reveals otherwise. Defendant did not object when the government originally referred to the plea, see tr. 140, nor did he object at the conference on the second morning of the trial when the court raised the issue of the erroneous cautionary instruction to be read to the jury at the close of the government's case, see tr. 189. In fact, the record reveals that Defendant approved of the erroneous instruction. See Tr. 189 ("Since it's already been made clear to the jury that Demones has pled, I appreciate that type of cautionary instruction."). Only later did Defendant change his mind and object to the written jury instructions and any further reference to the guilty plea. Because Defendant did not contemporaneously object to the government's misconduct and to the court's erroneous instruction, we review only for plain error.[2]
 
 
 8
 Recognition of plain error under Rule 52(b) "tempers the blow of a rigid application of the contemporaneous-objection requirement." United States v. Young, 470 U.S. 1, 15 (1985). Nevertheless, we use the rule " 'sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.' " Id. (quoting United States v. Frady, 456 U.S. 152, 163 n. 14 (1982)). We will not reverse for plain error unless, after reviewing the error against the entire record, we are "satisfied that the error not only affected substantial rights in a serious way, but also that the 'error had an unfair prejudicial impact on the jury's deliberations.' " See United States v. Mitcheltree, 940 F.2d 1329, 1334 (10th Cir.1991) (quoting Young, 470 U.S. at 16-17, n. 14).
 
 
 9
 In our cases dealing with this issue in the context of a plain error review, we have considered the following factors highly prejudicial: (1) the lack of a cautionary instruction; (2) repeated references to the plea by either the judge or prosecutor; and (3) lack of substantial untainted evidence against the defendant. See Smith, 806 F.2d 971 (reversible plain error in part because of lack of cautionary instruction and repeated references to plea); Austin, 786 F.2d 986 (reversible plain error in part because of lack of cautionary instruction, repeated references to plea, and adequate but "far from overwhelming evidence ...," id. at 992); Baez, 703 F.2d 453 (reversible plain error in part because of lack of cautionary instruction and lack of evidence from witnesses other than the key witness whose credibility was significantly enhanced by admission of plea). See also United States v. Martinez-Nava, 838 F.2d 411, 416-17 (10th Cir.1988) (discussing Smith, Austin and Baez ); Davis, 766 F.2d at 1456-57 (lack of cautionary instruction not per se plain error, no plain error in part because evidence of guilt was overwhelming).
 
 
 10
 In this case, the factors considered in Smith, Austin and Baez are present. The court gave a cautionary instruction, but the cautionary instruction erroneously focused the jury's attention on Victim's credibility, an impermissible object for the admission of Codefendant's guilty plea. This obviously is more compelling in the plain error context than the complete failure to give an instruction as discussed in Smith, Austin and Baez. Also, both the court and the prosecutor repeatedly referred to Codefendant's guilty plea--the judge in his repeated cautionary instructions, and the prosecutor during trial and in closing arguments. Finally, as in Austin and Baez, the testimony of the government's primary witness, Victim, was significantly enhanced by the admission of Codefendant's guilty plea. Other than Victim's testimony, the government had very little evidence that even remotely connected Defendant to the stabbing.[3] While Victim's unequivocal testimony certainly was adequate to convict Defendant, "it was far from overwhelming...." Austin, 786 F.2d at 992.
 
 
 11
 We think that substantial rights were affected in a serious way and that the jury's deliberations were unfairly prejudiced. The case is not distinguishable from our previous holdings in the plain error context. Therefore, we REVERSE the conviction and REMAND for a new trial.
 
 
 
 *
 Honorable Frederick A. Daugherty, Senior United States District Judge for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The court instructed the jury as follows:
 All right. Ladies and gentlemen, before we start with the defendant's case, let me give you a cautionary instruction that I think is necessary because certain evidence has come in. The cautionary instruction will read as follows:
 "Members of the jury, counsel for the United States has requested this Court to take judicial notice of the fact that James Hale Demones [Codefendant] was charged with the defendant in this case in Count 2, the assault charge, and that he has pleaded guilty to that charge. This is a fact capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, and, therefore, under Federal Rules of Evidence 201(b)(2) it is appropriate for the Court to take judicial notice of this fact. You may reject this fact if you wish, but you should have some reasonable basis for doing so. You are further instructed that Mr. Demones' plea of guilty has been submitted as evidence for your consideration upon strict conditions. You may not consider the plea of guilty by Mr. Demones as direct evidence of Defendant Morgan's guilt. You may not find Defendant Morgan guilty simply because someone who is alleged to have been an accomplice has pled guilty. The evidence is being admitted solely as it may pertain to the strength and credibility of Christopher Turner's [Victim] identification testimony. You may consider it only for this purpose. It must not be considered as substantive evidence of defendant's guilt."
 Tr. 199-200. The written jury instructions were identical to the above verbal caution.
 
 
 [2]
 If Defendant had adequately preserved this issue pursuant to Rule 103(a)(1), we would employ the harmless error standard, affirming the judgment only if we could determine that the error was harmless beyond a reasonable doubt. See United States v. Martinez-Nava, 838 F.2d 411, 416-17 (10th Cir.1988) (applying harmless error standard to prosecutor's single reference to codefendant's guilty plea)
 
 
 [3]
 Government witnesses testified of finding a wet T-shirt in the corner of Defendant's cell, but the T-shirt was not bloody. Other than Victim's testimony, the government provided no evidence connecting the knife or the bloody clothing found in the prison after the stabbing to Defendant. No prison guards or fellow inmates testified of seeing Defendant in the vicinity of Victim's cell when the stabbing occurred and physical evidence was completely lacking