10 F.3d 810
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Theodore Shanta MORGAN, Defendant-Appellant.
 No. 93-3068.
 United States Court of Appeals, Tenth Circuit.
 Nov. 29, 1993.
 
 1
 Before EBEL and KELLY, Circuit Judges, and COOK, Senior District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 H. DALE COOK, District Judge.
 
 
 4
 Defendant-appellant Theodore Shanta Morgan was convicted of one count of possession of a prohibited object while in a federal prison, in violation of 18 U.S.C. Secs. 1791(a)(2) and 2, and one count of assault with a deadly weapon in violation of 18 U.S.C. Secs. 113(c) and 2. Mr. Morgan appeals, raising four distinct grounds. Our jurisdiction arises under 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742(a) and we affirm.
 
 
 5
 This case comes before this Court for a second time. Mr. Morgan's prior convictions of the same offenses were reversed on a basis not present in the instant appeal. See United States v. Morgan, 956 F.2d 279 (table) (1992 WL 37334) (10th Cir.1992). An inmate (Victim) at the federal penitentiary at Leavenworth, Kansas was stabbed several times in his cell. Victim testified at trial that the following events took place. Mr. Morgan and another inmate (DeMones) entered Victim's cell and attacked him, with Mr. Morgan stabbing Victim. During the attack, Victim tore the sleeve off Mr. Morgan's sweater and wrestled the homemade knife away from Mr. Morgan. At that point, both assailants left Victim's cell. After the attack, Victim used the torn sleeve to attempt to stop the bleeding. Victim positively identified Mr. Morgan as the one who stabbed him.
 
 
 6
 First, Mr. Morgan contends that the government violated Brady v. Maryland, 373 U.S. 83 (1963) by not making available until the second day of trial the results of fingerprint testing and blood analysis conducted in the case. The government's explanation given at trial was that FBI Special Agent Roy Rymill had submitted the items to the laboratory for testing, but that Agent Rymill took retirement before the results were received. After Agent Rymill's retirement, there was some "disarray" in his files and the tests were misplaced. (Tr. vol. 4 at 140). Defense counsel conceded the point when he brought the matter to the trial court's attention:
 
 
 7
 MR. COX: Yes, Your Honor, thank you. I just wanted to make a brief record, Your Honor, about the fact that just earlier this morning, Mr. Hough made available to me, for the very first time, and I'm confident that it just came to his attention this morning or perhaps late yesterday after we adjourned, some fingerprint testing, test results and some blood analysis test results on the items of evidence in this case. I'm very grateful for those results but I'm concerned that we have tried this case once before and we have gone through one day of trial this time, and they were just now made available to me. I don't think Mr. Hough had them either until now, so I wasn't necessarily at a disadvantage in that respect, but I just wanted the record to disclose those have just now been made available. (Tr. Vol. 4, pp. 139-40)
 
 
 8
 Defense counsel ultimately introduced the test results into evidence himself and cross-examined the FBI agent about the results. This Court recently reiterated the general principles relating to alleged Brady violations:
 
 
 9
 "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Suppressed evidence is deemed material " 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.' " In making this determination, we view the suppressed evidence's significance in relation to the record as a whole.
 
 
 10
 United States v. Thornbrugh, 962 F.2d 1438, 1444 (10th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 220 (1992). (citations omitted) (emphasis in original)
 
 
 11
 Moreover, this Court has held that there is no violation of a defendant's right with respect to production of exculpatory evidence when such evidence is available at trial. Thornbrugh, 962 F.2d at 1445. Here, defendant's counsel made no request for continuance or mistrial and did not claim prejudice at the time of the discovery of the evidence. Inasmuch as defense counsel himself introduced the evidence before the jury, no showing can be made that there is a reasonable probability of a different result in the trial's outcome. Accordingly, defendant's contentions on this issue are without merit.
 
 
 12
 The defendant's next issue raised involves the testimony of Victim. During defense counsel's cross-examination of him, Victim became angry and refused to respond to certain questions, though he did respond to most. Two exchanges are typical of the district court's handling of the situation:
 
 
 13
 Q. They don't appear to have blood on them, do they?
 
 
 14
 A. (No response).
 
 
 15
 Q. This doesn't appear to have blood on it, does it?
 
 
 16
 A. (No response).
 
 
 17
 THE COURT: I assume you can take that to be a no if that's what you're waiting for.
 
 
 18
 MR. COX [defense counsel]: Yeah, I wanted to get some sort of answer on the record, Your Honor. (Tr.Vol. 3, pg. 57)
 
 
 19
 A. For the record, I have made no sexual advances towards any man whatsoever on this earth.
 
 
 20
 Q. Did Mr. DeMones say anything to you in the cell that day?
 
 
 21
 A. I have nothing else to say about that. I don't care what you ask me. You can give me some more time if you want to, Your Honor, I will not sit here and let no man try to put me in a homosexual game just to defend somebody for trying to kill me.
 
 
 22
 MR. HOUGH [prosecutor]: Your Honor, might I suggest a recess, afternoon recess at this time?
 
 
 23
 THE COURT: Well, it's clear that his answer can be taken for a no here on your question.
 
 
 24
 MR. COX: Well, as long as the record will reflect silence as being interpreted as no, I guess we can go along. (Tr. Vol. 3, pg. 64)
 
 
 25
 Again, it is clear from the record that the defense counsel agreed to the procedure employed by the district court. No contemporaneous objection was raised below, and defense counsel did not request that the witness be directed to answer those questions as to which he was silent. This Court may only review in the absence of objection for plain error. Plain error review allows us to reverse a conviction only for particularly egregious errors which are obvious and substantial. U.S. v. Garcia, 994 F.2d 1499, 1507 (10th Cir.1993). Under that standard, we find no basis for reversal on this issue.
 
 
 26
 The third issue raised by the appellant concerns the testimony of Special Agent Rymill, offered in rebuttal, that co-defendant Demones told Rymill that Demones' cell partner had previously been stabbed by defendant Morgan. Defense counsel cross-examined Rymill on the point, asserting that Morgan had not stabbed any other inmate. Rymill repeated that it was true. Defense counsel did not object to the testimony when given or move to strike it, but instead chose to attack it by way of cross-examination. Nothing in the record establishes that the testimony was in fact false, as defendant claims. Employing the plain error doctrine again, the Court sees no abuse of discretion on the part of the district court.
 
 
 27
 Finally, defendant argues that the verdict was contrary to the weight of the evidence. The applicable standard is whether the evidence--both direct and circumstantial, together with the reasonable inferences to be drawn therefrom--is sufficient if, when taken in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt. U.S. v. McKinnell, 888 F.2d 669, 673 (10th Cir.1989). The Court has reviewed the record, and finds that the verdict should be upheld. Victim identified Mr. Morgan as his attacker without equivocation. While no other evidence positively linked defendant to the attack, such as is present in the record was sufficient for the jury's decision. The weighing of evidence is the jury's function.
 
 
 28
 For the foregoing reasons, Mr. Morgan's convictions are AFFIRMED.
 
 
 
 *
 The Honorable H. Dale Cook, Senior United States District Judge for the Northern District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3