UNITED STATES of America, Plaintiff,

v.

Theodore Shanta MORGAN, Defendant.

Nos. 90–30012–02, 97–3082–RDR.

United States District Court,
D. Kansas.

Nov. 6, 1997.

Gregory G. Hough, Asst. U.S. Atty., Topeka, KS, for plaintiff.

Stephen W. Kessler, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This case is now before the court upon defendant's motion to vacate sentence under 28 U.S.C. § 2255. Defendant was convicted by a jury of assault upon a prison inmate and possession of a prohibited object (a knife). This court sentenced defendant to two consecutive five-year terms.[1]

Defendant raises three grounds to vacate his sentence: 1) that counsel for the government knowingly presented perjured or false testimony; 2) that the government witness gave a perjured statement; and 3) that defense counsel was ineffective when he failed to object or request a mistrial after: a) the government produced late laboratory evidence; b) the government produced the alleged perjured statement; and c) the victim witness refused to answer questions on the witness stand.

## PROSECUTORIAL MISCONDUCT— KNOWING USE OF FALSE TESTIMONY

"[T]he prosecution's knowing use of false evidence violates due process, regardless of whether the evidence goes to a substantive issue or merely to the witness' credibility.... In addition, prosecutors have 'the responsibility and duty to correct [testimony they know] to be false and elicit the truth.'" *U.S. v. Langston,* 970 F.2d 692, 700 (10th Cir.1992) quoting, *Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 1176, 3 L.Ed.2d 1217 (1959).

■ For such misconduct to amount to a due process violation which warrants vacating a sentence, defendant must demonstrate that the false testimony was material.

"The test for materiality is the same as the test for harmless constitutional error. *United States v. Bagley,* 473 U.S. 667, 679 n. 9, 680, 105 S.Ct. 3375, 3382 n. 9, 87 L.Ed.2d 481 (1985). The test for harmless constitutional error is 'whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.' *Yates v.. Evatt,* 500 U.S.

391, 401, 111 S.Ct. 1884, 1892, 114 L.Ed.2d 432 (1991) (quoting *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967)). 'To say that an error did not contribute to the verdict is rather to find that error unimportant in relation to everything else the jury considered on the issue in question, as revealed by the record.' ... *Yates* thus instructs us 'to make a judgment about the significance' of the tainted evidence relative to the remaining evidence."

*Langston,* 970 F.2d at 700.

■ The alleged false testimony in this matter was presented through Roy Rymill. At the time he testified, Rymill was a retired FBI agent. But, he was not retired at the time of the alleged assault in this case.

The prosecution called Rymill as a rebuttal witness. The prosecution asked Rymill if he interviewed the co-defendant, James Demones, and what Demones said. Rymill stated that Demones said he had a cell partner named Isaac Hicks who had been stabbed by defendant. (Tr. 329.)

On cross-examination by defense counsel, the following exchange took place:

Q. Now, this statement that you offered about him saying that somebody else's cell-mate had been stabbed by Mr. Morgan in the past.

A. Yeah.

Q. It wasn't true at all, was it?

A. Pardon? Oh, it was true.

Q. No, it wasn't.

MR. HOUGH: Your Honor, I'll object as argumentative. The witness has answered the question, counsel is now arguing with him.

THE COURT: Overruled.

Q. (BY MR. COX) Did you check the records to see if there was any truth to that?

A. I have not reviewed that file in a long time. I'm going from what I have on my notes here.

---

1. This conviction was the result of defendant's second trial on these charges. A conviction on the same charges after his first trial was reversed because this court permitted evidence of a code-fendant's guilty plea to be entered to bolster the credibility of the alleged victim's testimony. *United States v. Morgan,* 956 F.2d 279 (table) (1992 WL 37334) (10th Cir.1992).

On surrebuttal, defendant testified that he had nothing to do with the stabbing of Isaac Hicks. (Tr. 348).

Court records reflect that the government, represented by the same counsel as in this case, prosecuted Samuel Cooper before this court for an assault on Isaac Hicks in the main dining room at USP–Leavenworth on October 16, 1988. *United States v. Samuel Cooper,* Case No. 90–30006–01. The case was defended on the theory of self-defense. Defendant Cooper was acquitted. There was no indication in the trial testimony that Cooper was assisted by another inmate. Nor has there been any evidence produced in this case to corroborate Demones' alleged statement that defendant assaulted Isaac Hicks.

The alleged assault in this case occurred on October 31, 1988. The primary evidence against defendant was the testimony of the victim, Christopher Turner.

During the hearing upon the instant § 2255 motion, Rymill testified that when he answered, "Oh it was true," he was not vouching for the truth of Demones' alleged statement. Instead, he was affirming that Demones *made* the statement.

Defense counsel and others may have thought Rymill stated that defendant stabbed Isaac Hicks. At the time of trial this court considered the testimony close enough to "bad acts" evidence to give an instruction cautioning the jury not to consider it as direct evidence of guilt. Nevertheless, a careful reading of the transcript does not support defendant's interpretation. Rymill was asked if "this statement that you offered about [Demones] saying that somebody else's cellmate had been stabbed by Mr. Morgan in the past" was true. A literal reading of the question Rymill was asked supports his contention that he was not vouching for the truth of Demones' statement; rather he was only affirming that Demones made the statement.

Therefore, the court concludes that defendant has not established that Rymill testified untruthfully or knew he was testifying untruthfully. Nor has defendant established that the government knew that false evidence had been presented.

Counsel for defendant has argued that the government had a duty to correct any erroneous connotation which Rymill's testimony may have produced. However, defendant has not established that government counsel was aware or should have been aware that an erroneous impression had been made upon the jury. It is clear that government counsel did not attempt to capitalize upon any misimpression left with the jury. The claim that defendant had stabbed another inmate other than Christopher Turner was not made by government counsel in closing argument or at any other juncture of the trial.

■ Finally, defendant and defense counsel were aware of the alleged misrepresentation or misimpression during the trial and on appeal. Defendant addressed the issue at both times. These prior efforts should bar defendant from raising the issue again in this collateral proceeding. See *U.S. v. Helmsley,* 985 F.2d 1202, 1206 (2nd Cir.1993); *Ross v. Heyne,* 638 F.2d 979, 986 (7th Cir.1980).

*PERJURED TESTIMONY*

■ Defendant's second argument for relief relates again to Rymill's alleged perjurious testimony. This is not grounds to vacate defendant's sentence for two reasons. First, defendant has failed to establish that the testimony was perjury. Second, defendant has not established that the prosecution knowingly introduced or failed to correct the alleged perjured testimony. The Tenth Circuit has required that the prosecution know of the alleged perjury at the time of trial before granting relief in a collateral proceeding. See *Smith v. Roberts,* 115 F.3d 818, 820 (10th Cir.1997); *McBride v. United States,* 446 F.2d 229, 232 (10th Cir.1971) *cert. denied,* 405 U.S. 977, 92 S.Ct. 1203, 31 L.Ed.2d 252 (1972); *Wild v. Oklahoma,* 187 F.2d 409, 410 (10th Cir.1951). Accordingly, the court rejects defendant's second grounds for relief because he has not proven perjury or prosecutorial misconduct.

*INEFFECTIVE ASSISTANCE OF COUNSEL*

Defendant's last argument for relief is that he was denied effective assistance of counsel

during the trial. Defendant asserts that his counsel was ineffective because he failed to object or request a mistrial after: a) the government produced late laboratory evidence; b) the government produced the alleged perjured statement; and c) the alleged victim in this case refused to answer some questions on cross-examination.

To establish constitutionally deficient assistance of counsel, defendant must demonstrate that: 1) his counsel's performance "fell below an objective standard of reasonableness;" and 2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984).

■ *Laboratory tests* The court does not find that defense counsel's failure to object to the belated disclosure of the laboratory tests constituted ineffective assistance of counsel. The tests in question were first made available on the second day of trial. But, the delay in producing the tests appeared inadvertent. Moreover, the tests were introduced into evidence by defense counsel and were considered favorable to the defense. When the Tenth Circuit examined this issue on appeal, it found no prejudice was caused to defendant. On the record now before the court, we believe the Tenth Circuit's conclusion remains correct. Accordingly, defendant has failed to show a reasonable probability that the result of the trial would have been different if his counsel had objected to the belated disclosure of the laboratory tests.

■ *Alleged perjury* Defense counsel rebutted the alleged perjured statement of Rymill by recalling defendant to the stand to deny that he had assaulted Isaac Hicks. He did not recall Demones to the stand. He did not make reference to the case file of *U.S. v. Samuel Cooper,* Case No. 90–30006–01 where the government prosecuted Samuel Cooper for an assault against Isaac Hicks. Nor did he attempt to clarify that Rymill was not vouching for the truth of Demones' allegation.

The court does not believe defense counsel's performance fell below that of a reasonably competent attorney. Defense counsel originally called Demones as a witness to deny that defendant was involved in the assault at issue. The government called Rymill on rebuttal to state that Demones' prior statements to the FBI were inconsistent with his trial testimony. During this rebuttal testimony Rymill stated that Demones told him that defendant had assaulted Isaac Hicks. Defense counsel attempted to rebut the substance of Demones' allegation regarding the assault on Hicks by cross-examining Rymill and recalling defendant on surrebuttal.

Calling Demones back as a witness would merely have given the government another chance to cross-examine the only defense witness other than defendant. It would have refocused the jury's attention on the contrast between Demones' testimony and that of a retired FBI agent. Moreover, there is no evidence that Demones would have denied what he allegedly told Rymill. There was no substantial error in failing to recall Demones.

The *Cooper* court file probably was not immediately available for inspection by defendant's trial counsel in 1993 when this case was tried for the second time. Cooper was acquitted in January 1991. Under normal procedures, the case file would have been stored at a warehouse far from Topeka by 1993. In any event, producing the *Cooper* file would not have proven that defendant never assaulted Isaac Hicks. It would have only shown that on one prior occasion a different person was involved in an assault (perhaps in self-defense) on Isaac Hicks.

Finally, while emphasizing a literal interpretation of Mr. Rymill's testimony is important in evaluating defendant's claims of perjury, had trial counsel taken this tact, it would still have left Demones' allegation on the record unrebutted.

In sum, defendant's trial counsel acted reasonably in his approach to Demones' allegation, as related by Rymill, that defendant was involved in a prior assault. Moreover, any mistake was not prejudicial to the defense. This case boiled down to the testimony of the victim witness versus the testimony of Demones and defendant. Any prior assault by defendant was not mentioned by government counsel, and the jury was in-

structed not to consider it as evidence of guilt. The court is convinced that there is no reasonable probability that the jury would have reached a different verdict if defense counsel took a different approach toward the Demones' allegation. Indeed, defendant was convicted by a jury in the first trial of this case when there was no evidence or allegation of a prior assault by defendant.

■ *Victim's refusal to answer* Finally, defendant contends that his trial counsel was ineffective because he failed to object to the victim's refusal to answer a few questions on cross-examination. The victim was an emotional witness who appeared upset by the assault against him and the claim (by the defense) that he had been involved in homosexual conduct. During cross-examination, defense counsel asked the victim twice if two garments introduced into evidence appeared to have blood on them. No response was given to the question, but the court stated, "I assume you can take that to be a 'no' ... " (Tr. 57). Later, defense counsel asked the victim if Demones entered his cell to tell the victim to stop making sexual advances toward him. The victim stated several times that he never made a sexual advance against anyone. While this was not directly responsive to the question, the court again indicated that his answer could be taken as a "no." (Tr. 64). Still later, the witness gave no response to a question concerning what Demones was wearing on the day in question. However, eventually he made a pertinent response. (Tr. 68–69).

As noted, in this proceeding defendant asserts that his trial counsel was constitutionally ineffective because he acceded to the court's suggestion that it could be assumed the victim was answering "no" when he failed to respond. However, the intended answers of the witness appeared clear. Making a stronger effort to force the witness to respond more directly to the questions may have only engendered increased sympathy for the victim of a brutal knife attack who was now being publicly accused of homosexual activity.

At the same time, there is no indication that the defense would have benefitted from more direct answers to counsel's questions,

had such answers been given. The jury could determine for itself whether the garments appeared to have blood on them, and the government seemed to concede that the garments did not have blood on them. In addition, the question regarding whether Demones asked the victim to stop making sexual advances did not have great relevance to the case. The question may have been asked in conjunction with Demones' later testimony that he made such a request. But, the question was not critical to the defense contention that the victim *was* a homosexual who made an advance upon Demones in the victim's cell and caused a fight with Demones, not with defendant. Obviously, the victim denied this. The jury was well-placed to decide whether the prosecution or the defense was more believable. The court is convinced that whether or not Demones initially asked defendant to stop making homosexual advances had no bearing on the jury's determination of this case.

In sum, the court is not convinced that defendant's trial counsel made unreasonable errors in his conduct of the defense or that any errors which were made, together or separately, had any influence upon the outcome in the case.

*Conclusion*

For the above-stated reasons, defendant's motion to vacate his sentence shall be denied.

**IT IS SO ORDERED.**