**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 1 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

THEODORE SHANTA MORGAN,

Defendant-Appellant.

No. 97-3358
(D.C. Nos. 97-3082-RDR &
90-30012)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Theodore Shanta Morgan seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Because Mr. Morgan has not made a substantial showing of the denial of a constitutional right as required by § 2253(c)(2), we deny his request for a certificate of appealability and dismiss his appeal.

In 1988, Mr. Morgan and a codefendant were charged with one count of possession of a prohibited object while in federal prison and a second count of assault with a deadly weapon in connection with the brutal stabbing of a fellow inmate in the federal penitentiary at Leavenworth, Kansas. The codefendant pleaded guilty to the count of assault, and Mr. Morgan was tried and convicted by a jury on both counts.

On appeal, this court reversed Mr. Morgan's conviction and remanded the case for a new trial. See United States v. Morgan, No. 91-3169, 1992 WL 37334 (10th Cir. Feb. 25, 1992) (unpublished). Mr. Morgan was retried and again convicted on both counts. On appeal, this court affirmed. See United States v. Morgan, No. 93-3068, 1993 WL 499815 (10th Cir. Nov. 29, 1993) (unpublished).

Mr. Morgan is now before this court alleging errors in the district court's denial of his § 2255 motion. On appeal, he claims that (1) the district court erred in failing to vacate his sentence based on the government's presentation of alleged false testimony at his trial; (2) the district court erred in failing to vacate

-2-

his sentence based on the alleged untruthful testimony of a government witness; and (3) the district court erred in failing to vacate his sentence on the ground that his trial counsel rendered ineffective assistance.

The district court denied Mr. Morgan's application for a certificate of appealability. In order for this court to grant Mr. Morgan a certificate of appealability, he must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We have carefully reviewed Mr. Morgan's application for a certificate of appealability, his brief, the appellate record, and the district court's order. We conclude that Mr. Morgan's first issue, challenging whether the government intentionally solicited Special Agent Roy Rymill's testimony knowing it was false, was not raised in his direct appeal, and therefore, will not be considered in a § 2255 proceeding. See United States v. Cox, 83 F.3d 336, 341 (10th Cir. 1996) ("A § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal.").

Failure to present an issue on direct appeal bars the raising of that issue in a § 2255 motion unless defendant can show cause excusing procedural default and actual prejudice resulting from the errors of which defendant complains, or unless defendant can show that a fundamental miscarriage of justice will occur if the claim is not addressed. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). Mr. Morgan does not address the default issue. Thus, we conclude that he

has failed to show cause for not raising the issue on direct appeal and his attempt to raise it in his § 2255 motion is foreclosed. [1]

Mr. Morgan's second issue, claiming that Special Agent Roy Rymill intentionally testified falsely at his trial, was raised and ruled on in Mr. Morgan's direct appeal. See Morgan, 1993 WL 499815, at **3. Therefore, this issue is res judicata and may not be reconsidered in his § 2255 motion. See Warner, 23 F.3d at 291 (issues previously raised and disposed of on direct appeal may not be raised in a § 2255 motion).

Thus, we address only Mr. Morgan's final claim alleging ineffective assistance of trial counsel due to counsel's failure to object to the government's production of late evidence, the government's presentation of false testimony, and the victim's refusal to answer certain questions on cross examination. In order to succeed on a claim of ineffective assistance of counsel, Mr. Morgan must demonstrate that his counsel's performance fell "below an objective standard of reasonableness" and was so prejudicial "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

---

[1] A defendant may establish cause for the default by showing ineffective assistance of counsel. See Cox, 83 F.3d at 341. Although Mr. Morgan alleges ineffective assistance of trial counsel, he does not allege that appellate counsel was ineffective for failing to raise this issue in his direct appeal.

We approach these assertions, as did the district court, by proceeding to a determination of whether Mr. Morgan was prejudiced by counsel's alleged errors. See United States v. Haddock, 12 F.3d 950, 955 (10th Cir. 1993) ("The Supreme Court has observed that often it may be easier to dispose of an ineffectiveness claim for lack of prejudice than to determine whether the alleged errors were legally deficient."). We discern no constitutional error in the district court's conclusion that Mr. Morgan failed to demonstrate any prejudice arising from his trial counsel's alleged errors. In fact, we cannot improve on the thorough and accurate analysis by the district court in this case, and if we were to reach the merits of this case, we would have no problem with affirming the district court for substantially the reasons set forth in its memorandum and order.

Accordingly, because we conclude that Mr. Morgan has not made a substantial showing of the denial of a constitutional right, we DENY his application for a certificate of appealability and DISMISS his appeal.

Entered for the Court

Michael R. Murphy
Circuit Judge