**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Leroy BAETE, Defendant-Appellant.**

**No. 27082**
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Aug. 21, 1969.

Charles R. Crowder, Birmingham, Ala., court-appointed, for appellant.

Macon L. Weaver, U. S. Atty., R. Macey Taylor, Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

---

PER CURIAM:

The appellant Baete was found guilty by a jury in the United States District Court for the Northern District of Alabama under an indictment charging him with transporting a stolen motor vehicle in interstate commerce in violation of 18 U.S.C. § 2312 (1964) and receiving, concealing or disposing of a stolen automobile in violation of 18 U.S.C. § 2313 (1964). The appellant contends that the trial court committed plain error in permitting one Lindsey, who was jointly indicted with him for the same offenses, to testify that he had earlier pled guilty. We find no merit in this contention and affirm.[1]

Lindsey's testimony met with no objection from Baete's trial counsel, nor was it the subject of a requested charge. Nevertheless, the court instructed the jury not to consider Lindsey's guilty plea in determining the innocence or guilt of Baete.

Appellant erroneously relies on our decision in Babb v. United States.[2] In that case, Babb's codefendant was allowed to testify over objection that he had pled guilty, and the trial court refused to instruct the jury to disregard this testimony in determining Babb's guilt. We held that the trial court erred in admitting the testimony and refusing the charge. The case presently before us is distinguishable in two respects: (1) appellant's counsel did not object to the testimony and (2) the trial court gave the cautionary instruction. The effect of the trial court's conduct in *Babb* was to allow the jury to consider the codefendant's guilty plea as substantive evidence against Babb. Clearly, this was

error.[3] Another case cited by appellant, Payton v. United States,[4] is distinguishable from the case presently before us on precisely the same grounds. There, the court not only erroneously admitted evidence of a codefendant's guilty plea but compounded the error by repeating the substance of this improper evidence while charging the jury.

The decision in Carter v. United States[5] is strongly urged by the appellant because of the court's dual considerations in determining whether error had been injected into the case by a policeman's testimony that a codefendant had pled guilty. The court concluded that the erroneous admission was rendered harmless by (1) the trial court's remedial instruction and (2) the fact that the "overwhelming evidence of guilt outweighed any error that remained." In cases where the jury has become aware of a codefendant's guilty plea, we think the appellate court should carefully focus its attention on the sufficiency of the corrective instruction. The significance of remedial instructions in such circumstances is pointed out in Freije v. United States wherein the court observed:

> It is generally held that it is proper to receive the guilty plea of a codefendant, even in the presence of the jury, but this *presupposes* that cautionary instructions are given.[6] (Emphasis added)

We recognize the fact that there may be aggravated circumstances in which the strongest corrective instruction would be insufficient, as, for example, where the guilty plea of one codefendant necessarily implicates another or

---

1. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969).

2. 218 F.2d 538 (5th Cir. 1955).

3. Babb v. United States, supra at 541 and n. 9, of 218 F.2d; United States v. Crosby, 294 F.2d 928, 948 (2d Cir. 1961); United States v. Hall, 178 F.2d 853 (2d Cir. 1950); United States v. Toner, 173 F.2d 140, 142 (3d Cir. 1949).

4. 96 U.S.App.D.C. 1, 222 F.2d 794 (1955).

5. 108 U.S.App.D.C. 277, 281 F.2d 640 (1960).

6. 386 F.2d 408, 411 (1st Cir. 1967).

others.[7] However, in the absence of such circumstances, we think that a clear and strong cautionary instruction should be deemed sufficiently curative.[8] In the instant case, the trial court's instruction was clearly sufficient.

The judgment is affirmed.

---

**7.** Gaynor v. United States, 101 U.S.App. D.C. 177, 247 F.2d 583 (1957).

**8.** *See* United States v. Kahn, 381 F.2d 824, 837–838 (7th Cir. 1967).