**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jerry Stanley HANSEN,
Defendant-Appellant.**

No. 75–3869.

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1977.

Rehearing Denied Feb. 14, 1977.

---

Myron M. Gold, Coral Gables, Fla. (Court-appointed), for defendant-appellant.

Robert W. Rust, U.S.Atty., R. Jerome Sanford, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and TUTTLE and TJOFLAT, Circuit Judges.

JOHN R. BROWN, Chief Judge:

The defendant, Hansen, was charged in a five count indictment along with McGhee with two counts of possession with intent to distribute a controlled substance on April 29, 1975 and May 20, 1975, in violation of 21 U.S.C. § 841(a)(1).[1] Hansen and McGhee were also charged with distributing a controlled substance on April 29, 1975 and May 20, 1975. The fifth count was against Hansen only for possession of a firearm during the commission of a felony, in violation of 18 U.S.C. § 924(c).[2]

Hansen pleaded not guilty to the indictment. McGhee pleaded guilty and thus was not tried. The trial of Hansen was held on September 26, 1975. Prior to conducting the voir dire the trial court made the following statement to the jury venire.

For your information, I will advise you that the defendant, John Cameron McGhee has entered a plea of guilty. The fact that he has done so is in no way, manner or degree to affect your decision with respect to the guilt or innocence of the defendant who is on trial. I am telling you that so you will know why he isn't present in court. But you are not to consider that in any manner in passing upon the evidence in the guilt or innocence of this defendant.

You undoubtedly will hear evidence which will mention him, but he is not on

1. § 841. Prohibited acts A—Unlawful acts

   (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

      (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;

2. § 924. Penalties

   (c) Whoever—

      (1) uses a firearm to commit any felony for which he may be prosecuted in a court of the United States, or

      (2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States.

shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years. In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to a term of imprisonment for not less than two nor more than twenty-five years and, notwithstanding any other provision of law, the court shall not suspend the sentence in the case of a second or subsequent conviction of such person or give him a probationary sentence, nor shall the term of imprisonment imposed under this subsection run concurrently with any term of imprisonment imposed for the commission of such felony.

trial; and Mr. Hansen is the only person who is on trial.

We hold that this was error and reverse for a new trial.

■ This Circuit and many others have long recognized that in some instances it is necessary for a trial court to explain a co-defendant's absence and a simple statement that he pleaded guilty seems the best solution. Thus in *United States v. Earley*, 10 Cir. 1973, 482 F.2d 53, the Tenth Circuit sustained the lower court where on the fifth day of trial one defendant changed his plea. The Court's statement to the jury to that effect, coupled with a precautionary instruction that it could not be considered as evidence of the other defendant's guilt, was not considered to be error.

In *United States v. Jones*, 9 Cir. 1970, 425 F.2d 1048, as the trial began there were four defendants, but during its progress three of them pleaded guilty. The trial court was sustained in making a factual explanation to the jury. The failure to do so would leave the jury full of curiosity, conjecture and uncertainty.

This Court has upheld the practice in *Fahning v. United States*, 5 Cir. 1962, 299 F.2d 579, where with the jury panel present but before the jury was selected, one defendant unexpectedly changed his plea. And in *United States v. Beasley*, 5 Cir. 1975, 519 F.2d 233, the defendant cried foul when the trial court did *not* make such a statement when his co-defendants began disappearing after the trial had begun. There we stated,

. . . a statement advising the jury that a codefendant has pleaded guilty coupled with an instruction that such plea cannot be considered as evidence of the guilt of the remaining defendant will prevent improper inferences that the codefendants' absence has something to say for the remaining defendant's guilt.

But each of the cases we have reviewed, and indeed, all of the cases cited by the Government are distinguishable from Hansen's situation. In the cases where a statement that a co-defendant had pleaded guilty were upheld, the facts were that he disappeared from the scene after the trial had begun. One day the jury saw two or more defendants, the next day, only one. Thus the judge was compelled to react to the action of the co-defendants in changing their plea with the trial underweigh.

■ Hansen's co-defendant pleaded guilty before the trial commenced. The prospective jury members never saw him as a defendant. There was no need to explain his absence. And if the trial court thought one was needed, a simple explanation that the case was proceeding against the arraigned defendant only and the jury should not be concerned with any other party would be appropriate. Nowhere in the record was there any evidence that the co-defendant had pleaded guilty. Indeed, McGhee never testified during Hansen's trial. We think this is a bad practice which ought not, and must not, be followed. Trial Courts have an abundance of resources to handle situations where the plea occurs after the jury has been exposed to the array of the multiple defendants and has likely heard the reading of an incriminating indictment embellished by the prosecutor's opening statement and perhaps testimony of government witnesses. But there is no need to advise the jury or its prospective members that some one not in court, not on trial, and not to be tried, has pleaded guilty. The prejudice to the remaining parties who are charged with complicity in the acts of the self-confessed guilty participant is obvious.

Neither fairness to those still on trial nor the efficient, intelligent administration of a criminal prosecution are served by this action.

REVERSED.