UNITED STATES of America, Plaintiff-Appellee,

v.

Ralph BAEZ, Sr., Defendant-Appellant.

No. 82–1402.

United States Court of Appeals, Tenth Circuit.

March 21, 1983.

Rehearing Denied May 4, 1983.

Fred J. Shaeffer, Norman, Okl., for defendant-appellant.

David W. Lee, Sp. Asst. U.S. Atty., Oklahoma City, Okl. (William S. Price, U.S. Atty., and Richard Freeman, Asst. U.S. Atty., Oklahoma City, Okl., on the brief), for plaintiff-appellee.

Before HOLLOWAY, DOYLE and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Ralph Baez, Sr. was convicted by a jury of conspiracy to distribute and of distribution of phencyclidine (PCP) in violation of 21 U.S.C. §§ 841(a)(1), 846 (1976). On appeal, he asserts that the trial court's reference to his codefendants' guilty pleas was plain error. We agree and remand for a new trial.[1]

During voir dire, the trial judge summarized the indictment to the prospective jurors, then explained:

"I am going to tell you that the two people who it's claimed were involved with him in this conspiracy, Ralph Baez, Jr. has pled guilty to one conspiracy count and Carl Andrew Lancaster has entered a plea of guilty to a lesser charge of having knowledge of some violation

---

1. Because of our disposition, we do not reach the other issues Baez, Sr. raises: sufficiency of the evidence, admission of coconspirator hear- say, and the denial of his request to make an opening statement.

which he did not report. But I think that if they testify—I don't know if they will or not, but at least Ralph Baez, Jr., who's the son of this Defendant, will say: Yes, I'm guilty but my father was not. He was not involved at all. It was me and Lancaster, but that you'll hear [in] the evidence.

"I say that to tell you that the law is clear that you must accept what the law mandates, and that is: you presume the Defendant innocent."

Rec., supp. vol. I, at 3–4. Although Carl Lancaster testified, Ralph Baez, Jr. did not.

■ A codefendant's guilty plea may not be used as substantive evidence of a defendant's guilt. *E.g., United States v. Halbert,* 640 F.2d 1000, 1004 (9th Cir.1981). If the codefendant testifies, however, either the government or the defense may elicit evidence of a guilty plea for the jury to consider in assessing the codefendant's credibility as a witness. *See id.* at 1004–05; *United States v. Wiesle,* 542 F.2d 61, 62 (8th Cir.1976). Because of the potential for prejudice, cautionary instructions limiting the jury's use of the guilty plea to permissible purposes are critical. *See Halbert,* 640 F.2d at 1006–07. No instruction was given to inform the jury that it could consider Lancaster's guilty plea only as evidence relating to his credibility. Even more serious than the failure to give a limiting instruction, however, is the fact that the guilty plea reference was also made with respect to Ralph Baez, Jr., who did not testify.

■ The Government asserts that the trial judge's remarks were justified because his purpose was to explain the absence of Lancaster and Baez, Jr. as codefendants. When codefendants plead guilty mid-trial, the judge may so inform the jury to prevent speculation on their absence, although it is preferable to explain simply that the codefendants are absent for a legally sufficient reason and to instruct the jury not to speculate. *United States v. Phillips,* 640 F.2d 87, 90–92 (7th Cir.) (codefendant interrupted questioning of witness, had jury excused, changed plea to guilty), *cert. denied,* 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851

(1981); *see also United States v. Earley,* 482 F.2d 53, 58–59 (10th Cir.) (codefendant guilty plea on fifth day of trial), *cert. denied,* 414 U.S. 1111, 94 S.Ct. 841, 38 L.Ed.2d 738 (1973); *United States v. Washabaugh,* 442 F.2d 1127, 1129 (9th Cir.1971) (codefendant guilty plea "[a]fter most of the evidence was in").

■ However, here the codefendants pled guilty prior to the beginning of trial. Two Fifth Circuit cases are directly on point. In both *United States v. Vaughn,* 546 F.2d 47 (5th Cir.1977), and *United States v. Hansen,* 544 F.2d 778 (5th Cir. 1977), the trial court had committed reversible error by telling prospective jurors that the defendants' co-indictees had pled guilty.

"[T]here is no need to advise the jury or its prospective members that someone not in court, not on trial, and not to be tried, has pleaded guilty. The prejudice to the remaining parties who are charged with complicity in the acts of the self-confessed guilty participant is obvious."

*Hansen,* 544 F.2d at 780. If anything, the prejudice was greater here than in *Hansen* and *Vaughn,* for the trial judge not only told the jurors of the codefendants' pleas but also told them to expect Ralph Baez, Jr. to testify to exculpate his father. When Baez, Jr. did not appear as a witness, the jury might have been tempted to conclude, after the judge's remarks, that it was because he could not honestly testify in his father's favor. The trial judge's remarks constituted error.

■ No objection was made to the court's comments. Nevertheless, we may notice plain error affecting the substantial rights of the accused even though the error was not objected to below. Fed.R.Crim.P. 52(b). "In determining whether the 'clear error' rule should be invoked, the entire record should be considered." *United States v. Williams,* 445 F.2d 421, 424 (10th Cir.), *cert. denied,* 404 U.S. 966, 92 S.Ct. 342, 30 L.Ed.2d 286 (1971). " '[I]f one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error,

it is impossible to conclude that substantial rights were not affected.'" *Id.* (quoting *Kotteakos v. United States,* 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946)). *See also United States v. Nolan,* 416 F.2d 588, 594 (10th Cir.), *cert. denied,* 396 U.S. 912, 90 S.Ct. 227, 24 L.Ed.2d 187 (1969); *Wright v. United States,* 301 F.2d 412, 414 (10th Cir.1962).

After reviewing the record, we are convinced that the trial judge's reference to the guilty plea of Baez, Jr. constituted clear error. The only significant Government witness against Baez, Sr. was an informer, Bill Shahan, a twenty-seven-year-old man who had regularly used drugs for thirteen years. He consented to testify in exchange for the Government's agreement to drop drug charges against him and his wife, which could have resulted in ten years in prison for them both.[2] When he was arrested, Shahan told the police that he was expecting a delivery of PCP from Ralph Baez, Jr. the next day. Baez, Jr. and Carl Lancaster were arrested when they made the delivery to Shahan. Lancaster's testimony at trial was not damaging to Baez, Sr. He admitted he went with Baez, Jr. to deliver the drugs but he testified he had no idea where they came from. Thus, Shahan's testimony and credibility were critical.

The great majority of Shahan's testimony related to his drug dealings with Baez, Jr. By telling the jury that Baez, Jr. had pled guilty, the trial court greatly enhanced Shahan's credibility. Shahan connected Baez, Sr. with the drug transaction because he allegedly answered the telephone when Shahan called to inquire about Baez, Jr. delivering the PCP. While some other circumstantial evidence tended to tie Baez, Sr. to the conspiracy, the evidence was so far from overwhelming that the judge's prejudicial remarks could well have affected the outcome of the trial. *Compare Williams,* 445 F.2d at 424 ("The evidence is so one-sided that it is inconceivable that [correction

of the error] would have had any influence on the judgment of the jury or affected the result."). Under these circumstances, we hold that plain error was committed warranting a new trial.

Reversed and remanded.

---

**2.** The night after he testified, Shahan was arrested for possession of PCP. He was found under the influence of the drug, staggering barefoot around his front yard in the snow. The Government informed the jury of this incident.