**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James W. GRIFFIN, a/k/a J.W. Griffin, Defendant-Appellant.**

**No. 84–3852.**

United States Court of Appeals, Eleventh Circuit.

Dec. 19, 1985.

---

Robert T. Adams, Jr., Marianna, Fla., for defendant-appellant.

Susan M. Novotny, Asst. U.S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, KRAVITCH, Circuit Judge, and SIMPSON, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

Griffin appeals his jury conviction of conspiracy and mail fraud in violation of 18 U.S.C. §§ 371, 1341–42. The charges stem from the burning of appellant's home and his collecting the insurance proceeds. Griffin contends that the trial court erred in (1) admitting evidence regarding the adjudication of guilt and absence from trial of a coconspirator, (2) failing to grant a mistrial after an unresponsive remark of a government witness, and (3) coercing a jury verdict. We conclude that the trial court improperly admitted irrelevant and unfairly prejudicial evidence. Accordingly, we reverse Griffin's convictions and do not reach the merits of Griffin's other grounds for appeal.

## I. BACKGROUND

On September 9, 1982, at approximately 12:35 a.m., Griffin's brother discovered Griffin's house afire. He immediately reported the fire to the Geneva, Alabama Police Department and fire trucks arrived at the house at 1:08 a.m. The fire fighters found the house engulfed in flames with only two exterior walls still standing. By the time the fire was extinguished, the house was completely destroyed.

At Griffin's trial on the criminal charges, several fire investigators testified that they suspected arson. These investigators discounted Griffin's hypothesis that the fire might have been due to an electrical problem. The government also called two wit-

nesses, Jerry Calhoun and Gene Arant, who had been with Griffin on the night of the fire. Calhoun testified that two weeks prior to the fire, Griffin had asked him if he wanted to make some money burning down Griffin's house and that on the night of the fire Calhoun overheard Griffin ask Randall Morgan and Daniel Gainey if they wanted to make some easy money. Arant corroborated Calhoun's testimony and also testified that on the night of the fire he overheard discussions among Griffin, Morgan, and Gainey about burning the house with gasoline and diesel fuel. Arant further testified that Morgan had told him that Griffin was going to pay Morgan for setting Griffin's house afire when Griffin collected on his insurance claims.

## II.  IMPROPER EVIDENCE

During trial, the court, over Griffin's objection, allowed Halley, an FBI agent, to testify that the government had subpoenaed Gainey who failed to comply with the subpoena and could not be located. The court advised the jury that Gainey had been indicted and adjudicated guilty as a coconspirator in the Griffin fire. The court also read the Gainey indictment to the jury. Griffin contends that the trial court improperly allowed the prosecution to place irrelevant and unfairly prejudicial material before the jury.

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rule of Evidence 403 vests trial judges with the discretion to exclude relevant evidence where probative value is substantially outweighed by unfair prejudice. Because Rule 403 permits a trial court to exclude relevant evidence, it is an extraordinary remedy to be used sparingly. *Unit-*

ed States v. Betancourt, 734 F.2d 750, 757 (11th Cir.), cert. denied, — U.S. —, 105 S.Ct. 440, 83 L.Ed.2d 365 (1984); *United States v. Plotke*, 725 F.2d 1303, 1308 (11th Cir.), cert. denied, — U.S. —, 105 S.Ct. 151, 83 L.Ed.2d 89 (1984); *United States v. Thevis*, 665 F.2d 616, 633–34 (5th Cir. Unit B), cert. denied, 456 U.S. 1008, 102 S.Ct. 2300, 73 L.Ed.2d 1303 (1982).[1] On appeal, determinations of admissibility will not be disturbed absent a clear showing that the trial court abused its discretion. *United States v. Sans*, 731 F.2d 1521, 1532 (11th Cir.1984), cert. denied, — U.S. —, 105 S.Ct. 791, 83 L.Ed.2d 785 (1985). It is against this backdrop that we must review the evidence pertaining to Daniel Gainey.

There was testimony at trial that Gainey had been solicited by Griffin to burn down Griffin's house. The government argues that because Gainey was a coconspirator, Agent Halley's testimony was necessary to explain Gainey's absence from trial. The government contends that it wished to fill in a factual void for the jury—to show what had become of one of the participants in the arson underlying the fraud and conspiracy charges against Griffin. Agent Halley testified that the government had subpoenaed Gainey and had attempted unsuccessfully to locate him after he failed to appear in court. It is difficult, however, to imagine how Gainey's absence tends to establish a fact relevant to Griffin's guilt. That a state witness, allegedly involved in the crime, has been served with a subpoena and has subsequently disappeared invites the jury to determine a matter not properly before it: whether the defendant was involved in the witness' disappearance to conceal his guilt.[2] Accordingly, we conclude that Agent Halley's testimony was irrelevant to Griffin's guilt and unfairly prejudicial.

The government further argues that because the jury needed to know what

---

1. The Eleventh Circuit, in *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir.1982), adopted as precedent decisions of the former Fifth Circuit, Unit B, rendered after September 30, 1981.

2. This matter might be properly before the jury where a defendant has been charged in connection with a witness' disappearance. Here, however, there are no such allegations.

had become of Gainey, it was essential that the court take judicial notice of Gainey's indictment and adjudication of guilt. We disagree. Under the principles enunciated in *United States v. James,* 590 F.2d 575 (5th Cir.) (en banc), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979),[3] a finding that Gainey was a coconspirator would have rendered his statements admissible against Griffin *without* an explanation as to why Gainey was not at trial or whether he had even been prosecuted. Under *James,* Gainey's statements would have been admitted once the court determined that there was a conspiracy, that Griffin was a part of the conspiracy and that Gainey's statements were made in furtherance of the conspiracy. 590 F.2d at 578.[4] Judicial notice of Gainey's indictment and conviction was thus an unnecessary and irrelevant predicate to the introduction of Gainey's statements.

Because Gainey's absence from trial and arson conviction were not germane to the introduction of his statements, we must determine what purpose this testimony and judicial note taking served and whether the trial court abused its discretion when it balanced the probative value of this evidence against its potential unfairness. *Thevis, supra* at 633–34. Our task focuses on whether this evidence is "of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Thevis,* 665 F.2d at 634 (quoting *United States v. McRae,* 593 F.2d 700 (5th Cir.), *cert. denied,* 444 U.S. 862, 100 S.Ct. 128, 62 L.Ed.2d 83 (1979)).

We already have concluded that testimony regarding Gainey's absence was wholly unrelated to the charges against Griffin and therefore the outcome of a comparison of probative value and prejudice is virtually preordained. Gainey's absence had no legitimate probative value as to Griffin's guilt. To the extent that Halley's testimony suggested there was important evidence the government wished to present, but could not, Griffin was unfairly prejudiced.

■■■ The evidence of Gainey's adjudication of guilt presents a different matter. It is relevant to the instant proceedings—it is a conviction stemming from the same facts at issue in Griffin's trial. Although relevant, Gainey's adjudication is also highly prejudicial. Due to the extreme and unfair prejudice suffered by defendants in similar situations, courts and prosecutors generally are forbidden from mentioning that a codefendant has either pled guilty or been convicted.[5] *See United States v. Baez,* 703 F.2d 453 (10th Cir.1983); *United States v. Corona,* 551 F.2d 1386 (5th Cir. 1977); *United States v. Hansen,* 544 F.2d 778 (5th Cir.1977). Convictions were reversed in both *Baez* and *Hansen* where the trial court informed the jury of a codefendant's guilty plea to explain that defendant's absence from trial. As the former Fifth Circuit noted in *Hansen:*

> [T]here is no need to advise the jury or its perspective members that some one not in court, not on trial, and not to be tried, has pleaded guilty. The prejudice to the remaining parties who are charged with complicity in the acts of the self-confessed guilty participant is obvious.

---

**3.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**4.** We note that Gainey's statements at his trial regarding the arson were not admitted into evidence pursuant to *James* even though the Griffin trial court found that Gainey had been a coconspirator with Griffin.

**5.** There are two exceptions to this rule. Where codefendants who plead guilty during the course of trial begin to disappear from the de-

fense counsel's table, the trial court may comment that codefendants have been excused from trial for legally sufficient reasons that should have no bearing on the remaining defendants' guilt or innocence. *United States v. Jones,* 425 F.2d 1048, 1053–54 (9th Cir.), *cert. denied,* 400 U.S. 823, 91 S.Ct. 44, 27 L.Ed.2d 51 (1970). Similarly, where a codefendant takes the witness stand, evidence of a guilty plea may be introduced to aid the jury in assessing the codefendant's credibility. *United States v. Baez,* 703 F.2d 453, 455 (10th Cir.1983). Neither exception applies here.

544 F.2d at 780. The facts before us offer only a slight variation from *Hansen* and *Baez.* The *Baez* and *Hansen* juries were informed that an absent codefendant had pled guilty. Here the jury was informed that an absent witness had been adjudicated guilty for the arson underlying Griffin's indictment on fraud and conspiracy charges. There is no appreciable difference between informing a jury that a cohort has pleaded guilty and informing it that a cohort has been adjudicated guilty. *See United States v. Veal,* 703 F.2d 1224, 1229 (11th Cir.1983). Our analysis is similarly unaffected by the fact that Gainey was not a codefendant at Griffin's trial. The prejudice here is the same as where a codefendant pleads guilty: the jury may regard the issue of the remaining defendant's guilt as settled and the trial as a mere formality. We also are unpersuaded by the government's contention that the prejudicial impact of Gainey's guilt was minimal. On the contrary, the jury deadlocked for several hours and questioned the court whether Gainey was simply indicted or tried and convicted. Obviously, the question of Gainey's guilt played a significant role in the Griffin jury's deliberations.

■■■ Introduction of Gainey's guilt violated two of the most basic tenets of our criminal jurisprudence. First, the evidence against an accused must come from the witness stand in open court so that a defendant may confront his accusers. *Turner v. Louisiana,* 379 U.S. 466, 472–73, 85 S.Ct. 546, 549–50, 13 L.Ed.2d 424 (1965). A verdict of guilt must be based on the evidence developed at the defendant's trial, *id.* at 472, 85 S.Ct. at (quoting *Irvin v. Dowd,* 366 U.S. 717, 722, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751 (1961)), not the evidence developed at some other defendant's trial. By taking judicial notice of Gainey's adjudication and reading Gainey's indictment to the jury, the trial court effectively barred Griffin's counsel from examining either the evidence at Gainey's trial or, alternatively, the motives behind a plea. *Cf. Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) (introduction of codefendant's confession improper where cross examination of codefendant not possible). Second, guilt or innocence must be determined one defendant at a time without regard to the disposition of charges against others. In a conspiracy trial, which by definition contemplates two or more culpable parties, courts must be especially vigilant to ensure that defendants are not convicted on the theory that guilty "birds of a feather are flocked together." *Krulewitch v. United States,* 336 U.S. 440, 454, 69 S.Ct. 716, 723, 93 L.Ed. 790 (1949) (Jackson, J., concurring).

We conclude that the district court abused its discretion by admitting evidence regarding the absence and adjudication of guilt of Griffin's coconspirator. Accordingly, we REVERSE and REMAND for a new trial.