**UNITED STATES COURT OF APPEALS**
**Filed 8/20/96**
**TENTH CIRCUIT**

———————————

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOHNNIE WAYNE ROGERS,

    Defendant-Appellant.

No. 95-8069
(D.C. No. 95-CR-10-3)
(D. Wyo.)

———————————

**ORDER AND JUDGMENT**[*]

———————————

John R. Green, Assistant United States Attorney (David D. Freudenthal, United States Attorney, with him on the brief), Cheyenne, Wyoming, for Plaintiff-Appellee.

Michael H. Reese of Wiederspahn, Lummis & Liepas, P.C., Cheyenne, Wyoming, for Defendant-Appellant.

———————————

Before **BALDOCK, BRORBY** and **BARRETT**, Circuit Judges.

    Johnnie Wayne Rogers appeals his conviction after a jury verdict found him

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

guilty of conspiracy to possess with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We grant Mr. Rogers' motion to supplement the record and affirm his conviction.

The government's theory at trial was that a conspiracy existed between Mr. Rogers and six others to distribute methamphetamine from on or about May 1994 through on or about December 7, 1994. Of the seven individuals charged in the conspiracy, four pleaded guilty, two were found guilty by a jury and one was found not guilty by a jury. The district court denied Mr. Rogers' motions for a new trial and sentenced him to seventy-eight months in prison, five years of supervised release and a special assessment of $50.

Mr. Rogers raises three issues on appeal: 1) was the evidence sufficient to obtain a criminal conviction for conspiracy to distribute a controlled substance; 2) did the entering of a plea agreement with the United States by codefendant Steven Coin after Mr. Rogers' opening statement prejudice the jury against Mr. Rogers and deny him a fair trial; and 3) did the submission of a partially unredacted indictment where facts were referred to that were not in evidence prejudice the jury against Mr. Rogers?

I

First, we address Mr. Rogers' claim the evidence presented at trial was insufficient to establish his guilt. In a challenge to the sufficiency of the evidence,"we must review all the evidence, both direct and circumstantial, in the light most favorable to the government, and all reasonable inferences and credibility choices must be made in support of the jury's verdict." *United States v. Evans*, 970 F.2d 663, 671 (10th Cir. 1992), *cert. denied*, 507 U.S. 922 (1993).

In order to prove Mr. Rogers' involvement in a conspiracy in violation of 21 U.S.C. § 846, the government needed to show that 1) he agreed with one or more persons to violate the law; 2) he knew of at least the essential objectives of the conspiracy; 3) he knowingly and voluntarily became a part of it; and 4) the alleged coconspirators were interdependent. *United States v. Fox*, 902 F.2d 1508, 1514 (10th Cir.), *cert. denied*, 498 U.S. 874 (1990). The testimony of the numerous coconspirators who entered guilty pleas leaves no doubt that two or more persons agreed to violate the law and that they were interdependent. The question here is whether the evidence is sufficient to establish that Mr. Rogers knew of the essential objectives of the conspiracy (to distribute methamphetamine) and knowingly and voluntarily became a part of it.

The testimony of Appellant Rogers' brother and confessed coconspirator, Dwight David Rogers, explicitly detailed Appellant Rogers' knowing and voluntary involvement in the conspiracy. Specifically, Dwight David Rogers testified that Appellant Rogers told him he was involved in a scheme of buying and selling methamphetamine with the other coconspirators and that Dwight David Rogers had personally witnessed Mr. Rogers receiving methamphetamine shipments, distributing methamphetamine and arguing about how distribution of the drug and the money was being handled with other members of the conspiracy.

The government also introduced evidence that Mr. Rogers traveled to Arizona with several of the other coconspirators to find out why certain sums of money used in the drug dealing were disappearing. There was also evidence that several of the coconspirators lived with him at various times and that he was instrumental in introducing some of them to each other. Another witness testified that he saw someone whom he believed to be Mr. Rogers involved in the receipt of a box of methamphetamine which had been federal expressed from Arizona by one of the confessed coconspirators. Several witnesses also testified they had seen Mr. Rogers argue with Mr. Dwight David Rogers over missing drugs and money. An investigating agent also testified Mr. Rogers gave him conflicting stories when questioned about events involved in the conspiracy.

-4-

Mr. Rogers places great emphasis on the testimony of confessed coconspirator Larry Straker who stated that he had never dealt drugs with Mr. Rogers. Mr. Straker's credibility was called into doubt, however, when the government introduced evidence of a close friendship between Mr. Straker's and Mr. Rogers' families as well as evidence that the original testimony Mr. Straker gave to the investigating agents expressly included Mr. Rogers as being involved in the conspiracy. In light of the above, it is highly probable the jury rejected Mr. Straker's testimony regrading Mr. Roger's involvement and believed Mr. Dwight David Rogers instead.

Mr. Rogers raises the following three grounds to support his claim of insufficiency of the evidence: 1) a general challenge to the sufficiency of the evidence of the entire record; 2) because codefendant Steven Painovich was acquitted, the same evidence should also be considered insufficient against Mr. Rogers; and 3) no evidence was produced that Mr. Rogers distributed or intended to distribute methamphetamine. We first note the fact that the jury found one of his codefendants innocent does not require a similar finding on behalf of Mr. Rogers. Mr. Painovich was charged with a different role in the conspiracy and the evidence against him was different from that presented against Mr. Rogers. Furthermore, there is no requirement that all alleged members of a conspiracy be

convicted in order for the conspiracy to be proven. Before we will overturn a verdict for being inconsistent with that of a codefendant, all alleged coconspirators must be acquitted. *United States v. Abbott Washroom Systems, Inc.*, 49 F.3d 619, 623 (10th Cir. 1995). This was clearly not the case here. When we give all reasonable inferences and credibility determinations in favor of the jury's verdict, the record provides sufficient evidence to allow the jury to find beyond a reasonable doubt that Mr. Rogers knowingly and voluntarily participated in the conspiracy to possess with intent to distribute and to distribute methamphetamine with the confessed and convicted coconspirators.

II

Next we will address Mr. Rogers' contention the district court erred in denying his request for a mistrial after his codefendant Steven Coin entered a guilty plea. Mr. Coin entered his plea during a court recess after the government and Mr. Rogers' attorney had given their opening statements. Mr. Rogers claims Mr. Coin's guilty plea was highly prejudicial to him because Mr. Rogers and Mr. Coin are half-brothers and also because during the government's opening statements "several references were made to the relationships of Dwight David Rogers, Johnnie Wayne Rogers, Steven Coin, Kevin Coin and Matthew Coin."

We review the district court's decision regarding whether to grant a mistrial for abuse of discretion. *United States v. Massey*, 48 F.3d 1560, 1569 (10th Cir.), *cert. denied,* 115 S. Ct. 2628 (1995). When a codefendant pleads guilty, the district court "may inform the jury that a codefendant has entered a plea of guilty, provided the jury is clearly instructed that such a plea cannot be considered as evidence of the guilt of the remaining defendant or defendants." *United States v. Earley*, 482 F.2d 53, 58 (10th Cir.), *cert. denied*, 414 U.S. 1111 (1973). The importance of the instruction is to ensure that the jury does not use the codefendant's guilty plea as evidence of the remaining defendants' guilt. *See Massey*, 48 F.3d at 1569; *United States v. Baez*, 703 F.2d 453, 455 (10th Cir. 1983). After denying defense counsel's requests for a mistrial, the district court gave the following instruction:

> Members of the jury, you are instructed that Steven Coin, who was a defendant in this case, is no longer seated at counsel table as a defendant at this trial. You are not to draw any inference from his absence nor consider it in any way.

Mr. Coin testified for the government twelve days later without any additional instructions being given or any objection being raised by Mr. Rogers. At the close of the trial, the district court gave several jury instructions that addressed how they should treat the testimony of alleged coconspirators who had pleaded guilty:

Instruction No. 39

The testimony of an alleged accomplice, someone who said he participated with another person in the commission of a crime, must be examined and weighed by the jury with greater care than the testimony of a witness who did not participate in the commission of that crime.

Dwight David Rogers, Larry Straker and Steven Coin may be considered to be alleged accomplices in this case.

The fact that an alleged accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person including the defendants.

The jury must determine whether the testimony of an accomplice has been affected by self-interest, or by an agreement he may have with the United States, or by his own interest in the outcome of this case, or by prejudice against the defendants.

Instruction No. 42A

You have heard evidence that the witnesses Larry Straker, Steven Coin and Dwight David Rogers have pleaded guilty to crimes which arose out of the same events for [which] the Defendant[s] are on trial here. This evidence of their pleas of guilty is admitted for very limited purposes.

Specifically, the evidence is admitted so that you may assess the credibility of these witnesses as part of your duty in assessing the credibility of each and every witness who will appear in this case. Moreover, the evidence of their guilty pleas is also admitted to show acknowledgment by them of participation in a crime charging them with conspiracy to possess with intent to distribute and to distribute methamphetamine.

Under no circumstances should the evidence of the pleas of Mr. Straker, Mr. Coin or Mr. Dwight David Rogers be used by you as evidence of the guilt of the Defendants, Alan Bruce Klein, Johnnie Wayne Rogers and Steven Edward Painovich.

Mr. Rogers claims the above instructions were insufficient. We disagree. The district court clearly admonished the jury that it was not to view Mr. Coin's guilty plea as evidence of the remaining defendants' guilt. Furthermore, the heart of Mr. Rogers' argument really seems to be his concern that he was found "guilty by association." This concern of his is not something that could be corrected by a new trial. The fact that several of his brothers, half-brothers and his close friend have pleaded guilty to the conspiracy would remain the same. The district court did not abuse its discretion when it rejected Mr. Rogers' motion for a mistrial.

III

Finally, we address Mr. Rogers' claim that it was error to submit the indictment to the jury without redaction of several facts not in evidence. In particular, Mr. Rogers objects to a portion of the indictment alleging that his co-defendant, Alan Bruce Klein had approximately $19,000 in cash and a loaded semi-automatic handgun. The cash and handgun were never offered or received into evidence during the trial. Mr. Rogers does not dispute any portions of the indictment pertaining to him but rather claims "Johnnie Wayne Rogers has been prejudiced by the jury's consideration of an incomplete redacted indictment."

In his brief, Mr. Rogers adopts Mr. Klein's argument on appeal that the

indictment was prejudicial without raising any new grounds. We rejected Mr.

Klein's argument regarding the partially unredacted indictment as harmless error

in *United States v. Klein*, __ F.3d ___, No. 95-8076 (10th Cir. Aug. 20, 1996).

However, even if we had found the language in the indictment prejudicial against

Mr. Klein, this would not mandate a similar finding regarding Mr. Rogers. Mr.

Rogers, has offered no evidence nor support for the theory that this prejudicial

information about a codefendant had any prejudicial effect on him. We too find

no such evidence nor support for such a theory. The jury in this case was clearly

able to separate the evidence as to each codefendant and base its decision on the

specific evidence against each individual as reflected in its conviction of Mr.

Klein and Mr. Rogers and its acquittal of Mr. Painovich. *See United States v.*

*Edmonson*, 962 F.2d 1535, 1545 (10th Cir. 1992) (finding jury's ability to separate

evidence regarding codefendants reflected in verdict). The district court did not

abuse its discretion in denying Mr. Roger's motion for a mistrial.


      For the reasons stated above, Mr. Rogers' conviction is **AFFIRMED**.

                            **Entered for the Court**

                            **WADE BRORBY**
                            United States Circuit Judge