# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40568
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HENRY GILL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-120-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

A jury found Henry Gill guilty of one count of conspiracy to transport undocumented aliens for financial gain, in violation 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(I), and three counts of transporting illegal aliens for financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II). The district court sentenced Gill to 37 months of imprisonment on each count, to be served concurrently. Gill appeals both his convictions and his sentence, arguing (1) that he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entitled to a mistrial due to improper statements by the prosecutor and (2) that the district court erred in applying the "special skill" enhancement under U.S.S.G. § 3B1.3 based on Gill's commercial driver's license.

Gill first challenges his conviction. He argues that the magistrate judge (who conducted voir dire) and the district court (who conducted the trial) abused their discretion by not granting his motions for "mistrial." Gill moved for "mistrial" twice: first, during voir dire, after the prosecutor commented that three of Gill's codefendants had pled guilty, and again during trial, after the prosecutor asked Gill's testifying codefendant about the codefendant's own guilty plea. "Prosecutorial misconduct, including impermissible statements during jury voir dire, is analyzed in two steps: (1) whether the prosecutor made an improper remark; and (2) whether the prosecutor's remarks prejudiced the defendant's substantive rights by casting serious doubt on the correctness of the jury verdict." *United States v. Jefferson*, 432 F. App'x 382, 388 (5th Cir. 2011) (unpublished). Here, during voir dire, the prosecutor told the jury panel:

> Now, in this case, there was four co-conspirators charged with this crime, three have pled guilty, we have one remaining. He is presumed innocent right now in this court. You will hear Jury Instructions regarding co-conspirators in the Jury Charge. You can follow those Instructions, right?

Gill moved for a "mistrial," arguing that even if the magistrate judge tried to give a curative instruction, "once that bell was run, we can't un-ring it." After the panel was seated, he moved to "quash" the panel and for the panel to be dismissed and replaced with a new panel. The government concedes that the remark about the codefendants' guilty pleas, at least as to the two codefendants who did not testify, was improper.

When a remark is improper, then we decide, under an abuse of discretion standard, "whether the remark affected the substantial rights of the

2

defendant." *United States v. McCann*, 613 F.3d 486, 494 (5th Cir. 2010).[1] In making that determination, we consider "(1) the magnitude of the statement's prejudice, (2) the effect of any cautionary instructions given, and (3) the strength of the evidence of the defendant's guilt." *United States v. Morganfield*, 501 F.3d 453, 467 (5th Cir. 2007).

Here, as the government notes, the improper remark by the prosecutor during voir dire was a single "isolated and inadvertent" statement. The government did not repeat the statement about the nontestifying codefendant's pleas, nor did it later attempt to link the pleas to any of the substantive evidence introduced against Gill or to argue the pleas to the jury. *See United States v. Carraway*, 108 F.3d 745, 756 (7th Cir. 1997) (holding that the improper admission of codefendant guilty pleas was harmless when the court gave a cautionary instruction, "there was no fanfare when the pleas were admitted, . . . the government made no improper arguments based on th[e] pleas," and the evidence of guilt was overwhelming).

In addition, the jury received numerous cautionary instructions. Immediately after the improper statement, the magistrate judge instructed the

---

[1] Although the government states that "Gill preserved his objection and request for a mistrial as to the prosecutor's statement during jury selection," we find no indication in the record that Gill raised his objection to the prosecutor's comment during voir dire to the district court. Although many courts, including the Supreme Court, seem to assume that a magistrate's decisions during voir dire will be subject to district court supervision, *see, e.g.*, *Gonzalez v. United States*, 553 U.S. 242, 251-52 (2008) (stating that when a magistrate conducts voir dire, "the district judge—insulated by life tenure and irreducible salary—is waiting in the wings, fully able to correct errors"), we have not located any decision by this court that addresses the consequences of a defendant's failure to affirmatively seek the district court's review of a magistrate's adverse ruling during voir dire. Because the government does not argue the issue, and because Gill's challenge fails even under the more favorable abuse-of-discretion standard, we do not decide whether plain error review would be warranted when a defendant fails to raise with the district court a magistrate's adverse ruling during voir dire. *See also United States v. Cervantes*, 706 F.3d 603, 613 (5th Cir. 2013) (reviewing a magistrate's ruling during voir dire under the same abuse-of-discretion standard applicable to district court rulings, without mention of whether the objection was raised to the district court).

panel (1) that the prosecutor had been "discussing things that may or may not happen in this case," (2) that after trial the judge would instruct the jury as to the proper treatment of particular types of testimony, and (3) that all statements by the attorneys made during voir dire were "simply arguments." Thereafter, the district court, both in its preliminary instructions before trial and in the jury charge after trial, instructed the jury that the statements of attorneys were not evidence and that Gill was presumed innocent. Moreover, in the jury charge, the district court gave a near-pattern instruction that the "fact an accomplice has entered a plea of guilty is not evidence of the guilt of any other person." As we stated in *United States v. Ramos-Cardenas*, "[t]he 'almost invariable assumption' is that jurors follow such instructions." 524 F.3d 600, 611 (5th Cir. 2008) (quoting *Richardson v. Marsh*, 481 U.S. 200, 206 (1987)).

In addition, the evidence of Gill's guilt was substantial. It included, among other things, evidence that Gill confessed to the crime, text messages from Gill's phone that corroborated his confession, and testimony from his codefendant and coconspirator Rivera-Blanco about Gill's role as a driver for the scheme. Thus, all three factors support that the remark during voir dire did not affect Gill's substantial rights. *See Morganfield*, 501 F.3d at 467.

Gill also argues that the district court erred by denying his motion for mistrial after the prosecutor asked Gill's testifying codefendant, Rivera-Blanco, about his own guilty plea. Generally, "evidence about the conviction of a coconspirator is not admissible as substantive proof of the guilt of a defendant." *Ramos-Cardenas*, 524 F.3d at 610. But we recognize an exception to the general rule when a coconspirator testifies. *Id.* In that circumstance, "either the government or the defense may elicit evidence of a guilty plea for the jury to consider in assessing the codefendant's credibility as a witness." *Id.* (quoting *United States v. Baez*, 703 F.2d 453, 455 (10th Cir. 1983)). Because

Rivera-Blanco testified at Gill's trial, the prosecutor's questioning of Rivera-Blanco regarding his guilty plea was not improper and did not constitute prosecutorial misconduct. *See id.*

Gill also argues that the district court erroneously applied a two-level enhancement under § 3B1.3 because his special skill as a commercial truck driver did not significantly facilitate the commission of the offense. As the Government correctly points out, Gill did not object to the enhancement on this basis before the district court. Gill objected only that a commercial driver's license was not a "special skill." Thus, we review this issue for plain error. *See United States v. McElwee*, 646 F.3d 328, 338 (5th Cir. 2011).

Gill relies on *United States v. Gallardo*, 266 F. App'x 468 (7th Cir. 2008), in support of his argument that his special skill was not necessary to commit the offense because the 15 undocumented aliens could have been transported by a non-commercial driver in another type of vehicle (i.e., small cargo truck or panel van). Unlike *Gallardo*, the Government does not concede that Gill could have transported the 15 undocumented aliens in an ordinary vehicle. Moreover, as noted by the district court, Gill did not transport the undocumented aliens in the cabin of his truck. *See United States v. Ordonez*, 334 F. App'x 619, 624 (5th Cir. 2009) (distinguishing *Gallardo* because the drugs were hidden in the truck's cabin and not the trailer). Rather, Gill directed them to the truck's trailer, which gave the appearance that he was hauling a legitimate load and made it much more difficult to identify the aliens. Given the facts of this case, the district court did not commit error, plain or otherwise, in applying the special-skills enhancement under § 3B1.3. *See United States v. Willett*, 751 F.3d 335, 344 (5th Cir. 2014).

For the forgoing reasons, we AFFIRM.