# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-41158
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN VASQUEZ-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-202-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Martin Vasquez-Garcia appeals his two convictions for transporting an unlawful alien. He argues that the evidence adduced at trial was not sufficient to support his convictions.

Because Vasquez-Garcia did not preserve his sufficiency challenges, we review for plain error only. *See United States v. Delgado*, 672 F.3d 328-31 (5th Cir.) (en banc), *cert. denied*, 133 S. Ct. 525 (2012). To show plain error,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41158

Vasquez-Garcia must establish that "the record is *devoid of evidence* pointing to guilt or [that] the evidence is so tenuous that a conviction is shocking." *Id.* at 331 (emphasis in original) (internal quotation marks and citation omitted). To convict Vasquez-Garcia under 8 U.S.C. § 1324(a)(1)(A)(ii), the Government had to prove beyond a reasonable doubt that:

> (1) an alien entered or remained in the United States in violation of the law, (2) [Vasquez-Garcia] transported the alien within the United States with intent to further the alien's unlawful presence, and (3) [Vasquez-Garcia] knew or recklessly disregarded the fact that the alien was in the country in violation of the law.

*United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002) (footnote citation omitted).

While Vasquez-Garcia argues that his own attestations of innocence were more credible than the testimony of Government witnesses that established his guilty knowledge and intent, we will not second-guess the jury's credibility determinations. *See Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005). Considering the evidence adduced at trial, Vasquez-Garcia fails to show that the record is devoid of evidence of his guilt. *See Delgado*, 672 F.3d at 331.

AFFIRMED.