# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40222
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2015

UNITED STATES OF AMERICA,

Lyle W. Cayce
Clerk

Plaintiff–Appellee,

v.

JOSE GONZALEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-357-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

A jury convicted Jose Gonzalez of one count of conspiring to transport undocumented aliens for financial gain and two counts of transporting an undocumented alien for financial gain. The district court sentenced him to 30 months of imprisonment to be followed by three years of supervised release and ordered him to forfeit $600.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40222

Challenging the sufficiency of the evidence as to all three convictions, Gonzalez contends that the Government did not establish that he knowingly transported undocumented aliens.  Though Gonzalez moved for an order of dismissal at the conclusion of the Government's case, he did not renew his motion at the close of all of the evidence.  Accordingly, we review for plain error, that is, we review to determine whether the record is "devoid of evidence pointing to guilt" or that the evidence is "so tenuous that a conviction is shocking." *United States v. Delgado*, 672 F.3d 320, 328-31 & n.9 (5th Cir. 2012) (en banc) (internal quotation marks, citation, and emphasis omitted).  To establish that a defendant is guilty of transporting undocumented aliens for financial gain, the Government must prove, among other things, that the defendant acted with guilty knowledge, specifically, that he transported the aliens within the United States with intent to further their unlawful presence and that he knew or recklessly disregarded the fact that the aliens were in the country illegally.  *United States v. Vasquez-Garcia*, 739 F.3d 249, 249 (5th Cir. 2014) (per curiam); *see* 8 U.S.C. § 1324(a)(1)(A)(ii).

The evidence, when viewed in the light most favorable to the Government, sufficiently establishes Gonzalez's guilty knowledge.  *See Delgado*, 672 F.3d at 332.  Border patrol agents found nine undocumented aliens in two tractors that Gonzalez, a truck driver, was hauling between Laredo, Texas, and Phoenix, Arizona.  Two of the aliens testified about conversations that they had with Gonzalez while they were being detained. The aliens testified that they understood Gonzalez's statements to mean that he was transporting aliens for the first time.  Though, as Gonzalez argues, the aliens also expressed some uncertainty about what Gonzalez actually meant and about whether Gonzalez knew that aliens were secreted in the tractors, a

2

jury reasonably could have interpreted Gonzalez's statements as admissions that he knew he was illegally transporting undocumented aliens.

Other evidence, too, supports Gonzalez's guilty knowledge. Gonzalez was the only person with the keys to the tractors that he was hauling, and he was responsible for keeping the tractors locked; a security guard testified that Gonzalez put a bag into one of the tractors, which Gonzalez was not supposed to do; and Gonzalez took an indirect route to Phoenix, which would have added 100 miles and $75 in fuel costs to his journey. Though Gonzalez points to evidence that could tend to support his assertion that he did not know that he was transporting aliens, the jury was not required to credit it or to draw inferences in Gonzalez's favor. *See United States v. Sandlin,* 589 F.3d 749, 754 (5th Cir. 2009) (explaining that where "the evidence lends itself to different interpretations, the jury has wide discretion to choose among them"). Accordingly, Gonzalez has not demonstrated that the record is "devoid of evidence" that he knowingly transported undocumented aliens or that the evidence of his guilty knowledge was "so tenuous that a conviction is shocking" and thus has not demonstrated a clear or obvious error. *Delgado,* 672 F.3d at 331 (internal quotation marks, citation, and emphasis omitted). Gonzalez's argument that the evidence was insufficient to prove that he knowingly conspired to transport aliens relies entirely on his assertion that the Government did not prove that he transported undocumented aliens knowingly. Because the latter argument fails, the former necessarily fails as well.

Next, Gonzalez challenges the two-level enhancement that he received for using a special skill, specifically his commercial driver's license, to commit the offense. A defendant receives this enhancement if he "used a special skill[] in a manner that significantly facilitated the commission or concealment of the

offense." U.S.S.G. § 3B1.3. A special skill is a skill that is "not possessed by members of the general public and usually requir[es] substantial education, training or licensing." § 3B1.3, comment. (n.4). The decision whether the defendant should receive a special skill enhancement is "a sophistical factual determination" that we review for clear error. *United States v. Pruett*, 681 F.3d 232, 248 (5th Cir. 2012) (per curiam) (internal quotation marks, citation, and alterations omitted).

As the district court determined, Gonzalez not only possessed a commercial driver's license but also had a particular ability to drive a truck towing two additional tractors. Moreover, Gonzalez testified at trial that he had fifteen years of truck driving experience and that he was tasked with training another driver. These special skills significantly facilitated Gonzalez's commission of the offense because the aliens were secreted in the tractors that Gonzalez was towing, which Gonzalez would have been unable to do absent his commercial driver's license and his years of experience. Accordingly, there was no clear error in the district court's determination that Gonzalez was eligible for this offense level increase. *See Pruett*, 681 F.3d at 248; *see also United States v. Berry*, 717 F.3d 823, 834-35 (10th Cir. 2013) (explaining that a commercial driver's license constituted a special skill where the defendant received a year of training and had almost five years of experience as a truck driver and where testimony at trial established the specialized knowledge required of truck drivers); *United States v. Mendoza*, 78 F.3d 460, 465 (9th Cir. 1996) (explaining that "driving [] an 18-wheeler without any reported mishap over several years is a skill well beyond that possessed by the general public" and thus constitutes a special skill); *United States v. Lewis*, 41 F.3d 1209, 1214 (7th Cir. 1994) (holding that truck driving is a special skill because it requires a particular license and "[m]embers of the

No. 15-40222

general public would have more than a little trouble successfully maneuvering a loaded eighteen-wheeler along roads and through parking lots").

The district court's judgment is AFFIRMED. Gonzalez's pro se motion to file a supplemental brief is DENIED. *See Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996); 5TH CIR. R. 28.6.