# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40022
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE JAVIER VILLAFRANCA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:

Jose Javier Villafranca appeals his 57-month sentence following his jury-trial conviction for conspiring to transport and transporting undocumented aliens within the United States for financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(I) & (B)(i). Villafranca asserts that the district court clearly erred in applying the special skill enhancement under U.S.S.G. § 3B1.3 based on his possession of a commercial driver's license. Because there is no constitutional right to hybrid representation on appeal, *see United States v. Ogbonna*, 184 F.3d 447, 449 & n.1 (5th Cir. 1999), Villafranca's pro se letter filed after the close of briefing is not considered herein.

Section 3B1.3 provides for a two-level upward adjustment if the defendant used a special skill in a manner that significantly facilitated the commission or concealment of the offense.  We have held that the ability to drive a tractor trailer truck as evidenced by the possession of a commercial driver's license constitutes a special skill for purposes of § 3B1.3.  *See United States v. Gonzalez*, 627 F. App'x 381, 382 (5th Cir 2015); *United States v. Ordonez*, 334 F. App'x 619, 624 (5th Cir. 2009).[1] While merely persuasive, *see Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006), our unpublished decisions are consistent with the decisions of other circuits on this issue.  *See, e.g., United States v. Berry*, 717 F.3d 823, 834-35 (10th Cir. 2013); *United States v. Martinez*, 509 F. App'x 889, 894 (11th Cir. 2013); *United States v. Vasallo*, 518 F. App'x 147, 149 (4th Cir. 2013); *United States v. Smith*, 332 F.3d 455, 458-59 (7th Cir. 2003); *United States v. Mendoza*, 78 F.3d 460, 465 (9th Cir. 1996).

Furthermore, in *Gonzalez*, 627 F. App'x at 382, we concluded that the defendant's commercial driver's license and years of truck-driving experience significantly facilitated his commission of the offense of transporting undocumented aliens because, without those special skills, he would have been unable to tow the tractors in which the aliens were hidden.  As we explained in *United States v. Gill*, 642 F. App'x 323, 326 (5th Cir. 2016), by carrying the aliens in the truck's trailer, the defendant "gave the appearance that he was

---

[1] Although both *Gonzalez* and *Ordonez* refer to this skill merely as "possession" of a commercial driver's license ("CDL"), their analysis makes it clear that possession of a CDL is shorthand for the knowledge and ability to drive a tractor trailer truck, evinced by the legitimate acquisition of a CDL. *See Gonzalez*, 627 F. App'x at 382 ("As the district court determined, Gonzalez not only possessed a commercial driver's license but also had a particular ability to drive a truck towing two additional tractors."); *Ordonez*, 334 F. App'x at 624 ("We have never directly addressed the issue of whether a CDL may constitute a 'special skill,' but other courts have determined that a special skill enhancement based on the ability to drive a tractor trailer truck may be appropriate.").

No. 16-40022

hauling a legitimate load and made it much more difficult to identify the aliens." The record showed that Villafranca, who had fifteen years of commercial truck-driving experience, acted as a licensed truck driver purporting to carry a legitimate load through a checkpoint on one of the nation's busiest corridors where there are thousands of other tractor-trailers. Accordingly, the district court did not clearly err in determining that Villafranca's special skill of driving a tractor trailer truck significantly facilitated the commission of the offenses. *See* § 3B1.3; *United States v. Pruett*, 681 F.3d 232, 248 (5th Cir. 2012). The judgment of the district court is AFFIRMED.