# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10251
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

RANDY DEWAYNE PITTMAN,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-221-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Randy Pittman pleaded guilty of being a felon in possession of a firearm

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10251

and was sentenced to 51 months of imprisonment and five years of supervised release ("SR").  The term of SR exceeds the statutory maximum term for Pittman's offense, as the parties agree.  *See* 18 U.S.C. §§ 922(g)(1); 924(a)(2), 3559(a)(3), 3583(b)(2); *United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008).  The judgment is therefore VACATED as to the term of SR, and this matter is REMANDED to modify the sentence consistently with § 3583(b)(2).

To the extent that Pittman reurges the arguments he originally put forth in his response to counsel's now-withdrawn motion filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), he does not have the right to hybrid representation or simultaneous representation by himself and counsel.  *See United States v. Villafranca*, 844 F.3d 199 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1393 (2017).  After the close of briefing, counsel filed a motion to withdraw at the request of Pittman, and Pittman filed a motion to proceed *pro se*.  Neither counsel nor Pittman has established a "conflict of interest or other most pressing circumstances" warranting removal of counsel.  FIFTH CIRCUIT PLAN UNDER THE CJA, § 5B.  The motions are therefore DENIED.