# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40812
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 26, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

TIMOTHY JORDAN,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-1374-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Timothy Jordan appeals his conviction of one count of conspiracy to transport and move and attempt to transport and move undocumented aliens within the United States and five counts of transporting and moving and attempting to transport and move an undocumented alien within the United States for commercial advantage and private financial gain and the sentence imposed. He argues that the district court violated his rights under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40812

Confrontation Clause by limiting his cross-examination of a Government witness.  He also argues that the district court incorrectly determined that possession of a commercial driver's license (CDL) is a special skill within the meaning of U.S.S.G. § 3B1.3.

This court reviews claimed violations of a defendant's Sixth Amendment confrontation right de novo. *United States v. Bell*, 367 F.3d 452, 465 (5th Cir. 2004).  Where a defendant's constitutional rights are violated, review is for harmless error. *Delaware v. Van Arsdall*, 475 U. S. 673, 684 (1986).  If there is no constitutional violation, then this court reviews a district court's limitations on cross-examination for an abuse of discretion, which requires a showing that the limitations were clearly prejudicial. *United States v. Restivo*, 8 F.3d 274, 278 (5th Cir. 1993).

The record reflects that Jordan had an opportunity to cross-examine the Government's witness effectively. *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985).  The questions that Jordan was prevented from asking the witness would not have produced relevant evidence. *See Holmes v. South Carolina*, 547 U.S. 319, 327 (2006).  Moreover, the witness's answers on cross-examination contradicted the speculative theory that the defense was seeking to establish. *Id.*

The "district court's application of section 3B1.3 is a sophisticated factual determination" that this court reviews for clear error. *United States v. Pruett*, 681 F.3d 232, 248 (5th Cir. 2012) (internal quotation marks and citation omitted).  Jordan's argument that possession of a CDL is not a special skill for purposes of § 3B1.3 is foreclosed. *See United States v. Villafranca*, 844 F.3d 199, 199 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1393 (2017).  The district court's conclusion that Jordan used his special skill as a licensed commercial truck driver to commit and conceal the offense is plausible in light of this

No. 17-40812

record.  *See id.* at 200; *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.